FILED
2017 Aug-09 AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ]     2:17-cr-00152-KOB-SGC-1 |
| | ] |
| SIR JACQUES VENTERIA DUFF, | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motion to Suppress Evidence. (Doc. 17). The Government filed a Response (doc. 21) and supplemental Notice apprising the court of recent decisions in related litigation. (Doc. 22). Defendant did not file a reply.

Mr. Duff argues that the search and seizure of his property in the Northern District of Alabama exceeded the scope of the NIT warrant. He further argues that the warrant was invalid under the Fourth Amendment's probable cause and particularity mandates; Rule 41(b) of the Federal Rules of Criminal Procedure; and 28 U.S.C. § 636(a), a provision of the Federal Magistrates Act. Mr. Duff asserts that the good faith exception does not apply to warrants that are void *ab initio*, as this warrant was. He maintains that the evidence seized pursuant to the residential warrant—which was authorized based on the information seized by the NIT—and Mr. Duff's statements to the FBI should be suppressed as fruit of the poisonous tree. The Government rejects these contentions.

This court previously denied a substantially similar motion to suppress evidence seized pursuant to the exact same warrant. *United States v. Taylor*, --- F. Supp. 3d ----, 2017 WL 1437511 (N.D. Ala. Apr. 24, 2017). The parties have offered no new evidence or argument on

this motion that would direct a different result here. The court incorporates by reference its reasoning in the *Taylor* opinion.[1]

The court **FINDS** that Mr. Duff had a reasonable expectation of privacy in the contents of his computer, such that the FBI's actions in deploying the NIT constituted a search under the Fourth Amendment, mandating a warrant. The court **FINDS** that the executing officers did not exceed the scope of the warrant and that the NIT warrant was supported by probable cause and was sufficiently particular. However, the court **FINDS** that the NIT warrant was not authorized under 28 U.S.C. § 636(a) of the Federal Magistrates Act or, in the alternative, Federal Rule of Criminal Procedure 41(b).

The court **FINDS** that the statutory and Rule violations resulted in the NIT warrant being void *ab initio*, making the search of Mr. Duff's computer unreasonable under the Fourth Amendment; further, the Rule 41(b) violation prejudiced Mr. Duff. But the court **FINDS** that the good faith exception to the exclusionary rule applies to prevent suppression of the evidence seized pursuant to the NIT warrant.

The court **DENIES** the Motion to Suppress.

**DONE** and **ORDERED** this 9th day of August, 2017.

---

[1] Mr. Duff, unlike Mr. Taylor, did not challenge the secondary residential warrant issued in the Northern District of Alabama, so that part of the *Taylor* opinion is not incorporated here.